IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LONNIE LYNN MILLER                                                                                PLAINTIFF

V.                                          CIVIL No. 1:13-cv-01044

LT. JAMES GREER;
WHITNEY FOSTER; and
JOHN DOE, Supervisors and
Policy Makers                                                                                  DEFENDANTS

### ORDER

This is a civil rights action filed by the Plaintiff, Lonnie Miller, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *informa pauperis*.

Currently before the Court are Plaintiff's failure to comply with the Court's orders and failure to prosecute this matter. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11. Pursuant to this authority, I find this matter is ready for decision and issues this Order.

I.   BACKGROUND

Plaintiff originally filed this case *pro se* on May 9, 2013. ECF No. 1. In his Complaint, Plaintiff claims his constitutional rights were violated when he was denied dental and medical care. ECF No. 1. Plaintiff was housed in the Union County Detention Center ("UCDC") when he filed this Complaint.

On May 9, 2013, I entered an Order directing Plaintiff's Complaint be filed and Defendants be served.  In this Order, I also advised Plaintiff that it was his responsibility to keep the Court informed of his current address and failure to do so may result in the dismissal of this matter.  ECF No. 3.

On August 9, 2013, the Clerk of the Court received mail sent to Plaintiff at his address of record at the UCDC returned as undeliverable mail.  It was determined, upon the Court's own research, that Plaintiff was transferred to the Arkansas Department of Correction ("ADC").  On August 12, 2013, I entered an Order directing Plaintiff's address of record be changed to the ADC address.  ECF No. 12.

On January 29, 2014, the Clerk of the Court received a notice from Plaintiff that he was again transferred—this time to another ADC facility.  I entered an Order changing Plaintiff's address of record to his new ADC address.  ECF No. 26.

On September 22, 2014, the Clerk of the Court received mail sent to Plaintiff at his new ADC address returned as undeliverable and marked "refused."

On November 5, 2014, I entered an Order changing Plaintiff's address of record to the El Dorado, Arkansas address he provided the UCDC upon booking as this was the only address available to the Court.  ECF No. 30.  This El Dorado, Arkansas address remains Plaintiff's address of record at this time.

On February 6, 2015, the Clerk of the Court received mail sent to Plaintiff at the El Dorado, Arkansas address returned as undeliverable and marked "Unknown-Unable to Forward."  The Court has no other address for Plaintiff, and Plaintiff has not communicated with the Court since February 2014.

## II.  APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to

accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with the May 9, 2013 Court Order (ECF No. 3) directing him to keep the Court informed of his current address on multiple occassions. Further, Plaintiff has failed to prosecute this matter as he has not communicated with the Court since February 2014. Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED** without prejudice.

**IT IS THEREFORE ORDERED** this **12th day of February 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE